On April 30, 1996, appellant, Rush Music, Jr., and appellee, Deborah Music, were married. On March 2, 1998, appellee filed a complaint for divorce.
A hearing before a magistrate was held on September 9, 1998. Appellant was not present at said hearing by virtue of his incarceration in the Ohio penal system. By decision filed September 14, 1998, the magistrate recommended a judgment of divorce be granted to appellee. Appellant filed objections on September 23, 1998. By opinion filed October 14, 1998, the trial court denied the objections. A final judgment decree of divorce consistent with the magistrate's decision was filed on October 30, 1998.
Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE COURT COMMITTED HARMFULL (SIC) ERROR IN REFUSING TO ALLOW DEFENDANT APPELLANTS' RELATIVES TO OFFER EVIDENCE AND TESTIMONY FOR TRUTH OF MATTER. THEREBY ALLOWING JUDEMENT (SIC) WITHOUT AUTHENTICATION OF EVIDENCE OFFERED BY PLAINTIFF.
 I
Appellant claims the trial court erred in denying his "witnesses" the right to testify. We disagree.
Appellant was not present nor represented by trial counsel at the final hearing. Appellant argues during said hearing, the magistrate unlawfully refused to permit his relatives to speak on his behalf. We note an audio tape record was made of this hearing. No transcript has been prepared pursuant to App.R. 9(A), nor has any tape of the hearing been filed for the record. Pursuant to App.R. 9(A), "[p]roceedings recorded by means other than videotape must be transcribed into written form."
By decision filed September 14, 1998, the magistrate noted appellant's request:
 The Magistrate notes that the defendant was not present at this hearing as he was incarcerated in the Ohio penal system. The defendant's sister, Patricia Cook, and mother, Mary Music, were present in the court room as spectators during the hearing. At the end of the plaintiff's case-in-chief the defendant's sister requested that she be permitted to "speak on behalf" of the defendant. The Magistrate denied this request.
Appellant timely filed objections, arguing the magistrate should have permitted his relatives to refute the "perjured testimony" of appellee's witnesses and point out numerous transgressions by appellee with appellant's finances. Appellant further requested the right to be present and present evidence. No transcript of the magistrate's hearing was provided to the trial court pursuant to Civ.R. 53(E)(3)(b) which states as follows:
 (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Clearly appellant's objections were challenging the facts presented to the magistrate. By judgment entry filed October 14, 1998, the trial court concluded as follows:
 While defendant's relatives should have been allowed to speak on defendant's behalf, it must be remembered that the evidentiary value of those comments would have been zero.
 Certainly if the defendant's relatives attempted to question any other witness, those attempts are understandably denied as such efforts constitute the unauthorized practice of law.
The trial court further concluded it was unable to rule on the objections given the fact appellant had failed to provide a transcript of the magistrate's hearing. We concur with this reasoning because no transcript was filed and the objections had raised factual issues. In addition, the failure to provide this court with a transcript pursuant to App.R. 9(A) necessitates our presumption of regularity. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.
Although appellant argues he pleaded with the trial court to wait until he was released from prison so he could present evidence, we find no such request in the record prior to the magistrate's hearing.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, J., Gwin, P.J., and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES